UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM L. MARTIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 3:08 CV 179 |
| | ) |
| SUPERINTENDENT, MIAMI | ) |
| CORRECTIONAL FACILITY, | ) |
| | ) |
| Respondent. | ) |

### OPINION AND ORDER

Petitioner William Martin, a prisoner confined at the Miami Correctional Facility, submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 dealing with his loss of earned credit time in a disciplinary hearing. (DE # 1.) Pursuant to RULE 4 of THE RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *Id.* This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit.

Where prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present evidence in defense when consistent with institutional safety and

correctional goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, *Wolff v. McDonnell*, 418 U.S. 539, 562-64 (1974), and "some evidence" to support the decision of the prison disciplinary board." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 455 (1985).

In grounds one and three of his petition, petitioner asserts that he was charged with Offense Code #A102, committing battery with a weapon, that the charge should have been B212, committing battery without a weapon, because the evidence showed that he did not use a weapon when he assaulted another prisoner. (DE # 1 at 2, 4-5.) Petitioner attached a copy of the conduct report to his petition, which establishes that he was charged with Code #A102, "committing battery upon another person and inflicting serious injury." (*See* DE # 1-2 at 1.) He also submits a copy of the Indiana Department of Correction ("IDOC") Disciplinary Code for Adult Offenders, which defines Code #A102 as "committing battery upon another person with a weapon (including the throwing of body fluids or waste on another person) or inflicting serious injury." (DE # 1-2 at 15.) This document establishes that a prisoner could be charged with an A102 violation if he either used a weapon or inflicted serious injury. In this case, the conduct report accused petitioner of committing a battery in which he inflicted serious injury, and he states no claim upon which relief can be granted.

In ground four of his petition, petitioner states that "the sanctions for my first offense were unwarrantly (sic) excessive, unfavorable, and unreasonably grievous." (DE # 1 at 5.) The report of disciplinary hearing attached to the petition establishes

that petitioner was deprived of 180 days of earned credit time and demoted from credit earning class 1 to class 3. (DE # 1-2 at 2.) The Code for Adult Offenders attached to the petition establishes that a prisoner can lose up to twenty-four months of earned credit time for a class A offense. (*Id.* at 14.)

If a disciplinary hearing board took more earned credit time from an inmate than allowed by departmental policy, it might state a claim upon which habeas relief could be granted. But petitioner's submissions establish that the sanction the disciplinary hearing board imposed on him was within departmental guidelines. Accordingly, this claim does not implicate rights protected by *Wolff* or *Superintendent*, and petitioner states no claim upon which relief can be granted.

In ground two of his petition, petitioner asserts that prison officials violated IDOC policy when they denied his right to a fair and impartial hearing body. (DE # 1 at 4-5.) Although he couches this claim as a violation of IDOC policy, an opportunity to be heard before an impartial decision maker is also one of the rights protected by *Wolff*. Accordingly, the court will allow petitioner to proceed on this claim.

For the foregoing reasons, the court:

> (1) **GRANTS** the plaintiff leave to proceed on ground two of his petition for writ of habeas corpus; that he was denied the right to have the charges against him heard before impartial decision makers;

(2) Pursuant to RULE 4 of THE RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS, **DISMISSES** all other claims; and

(3) **DIRECTS** the clerk's office to ensure that a copy of this order is served on the respondent and the Indiana Attorney General along with the order to show cause.

**SO ORDERED.**

**DATE:** May 22, 2008

 s/James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT